# EXHIBIT B

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

EYLUL REFIDE SIMSEK, on behalf of herself
and all others similarly situated,

Plaintiffs,

-against-

NEW YORK STATE CATHOLIC HEALTH
PLAN, INC., d/b/a FIDELIS CARE NEW YORK,
MARK LANE, and PATRICK FRAWLEY,

Defendants.

------------------------------------------------------------------X

Civ. No.:  11-CV-5393

Block, J.
Azrack, M.J.

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

TO:    All current and former employees of Fidelis who worked in New York as a Retention Representative at any time between November 3, 2005 and April 1, 2013(the "Settlement Class").

## PLEASE READ THIS NOTICE CAREFULLY

If you worked for New York State Catholic Health Plan, Inc. d/b/a Fidelis Care New York ("Fidelis") at any time between November 3, 2005 and April   1, 2013 (the "Class Period") as a Retention Representative, please read this Notice carefully.  It contains important information about your rights concerning the class action settlement described below.

This Notice relates to a proposed settlement of a class and collective action litigation.  It has been authorized by a federal court.  It contains important information as to your right to participate in the settlement, make a claim for payment or elect not to be included in the class.  This Notice should not be understood as an expression of any opinion by the Court as to the merits of any of the claims or defenses asserted by the parties.

### 1. Why did I receive this notice?

You have received this notice because Defendant Fidelis' records show that you worked for Fidelis as a Retention Representative at sometime between November 3, 2005 and April 1, 2013.

## 2. What is a class action?

A class action is a lawsuit where one or more persons sue not only for themselves, but also for other people who have similar claims. These other people are known as Class Members. In a class action, one court resolves the issues for all Class Members, except for those who exclude themselves from the Class. The Honorable Judge Frederic Block of the United States District Court for the Eastern District of New York is presiding over this class action.

## 3. Description of the Lawsuit.

On November 3, 2011, current Fidelis employee Eylul Refide Simsek (the "Class Representative") filed a Complaint alleging that Defendants failed to pay her and other similarly situated Retention Representatives their hourly rate for hours 37.5 to 40 per week and overtime for hours worked over 40 in a workweek, in violation of the Fair Labor Standards Act ("FLSA") and New York State Labor Law.

Defendants have denied and continue to deny any liability or wrongdoing, and deny any and all liability and damages to anyone with respect to the alleged facts or causes of action asserted in the Lawsuit. To avoid the burden, expense, inconvenience, and uncertainty of proceeding with the litigation through trial, however, Defendants have concluded that it is in their best interests to resolve and settle the Lawsuit  Accordingly, Plaintiff and Defendants have agreed to settle the action by entering into a Settlement Agreement (the "Agreement") subject to the approval of the Court. The Court has not decided who is right and who is wrong.

## 4. Why is there a settlement?

This Settlement Agreement resulted from extensive and vigorously contested negotiations on the part of Class Counsel and Defendants' counsel, all of whom have substantial experience in litigating class actions involving similar claims.

Plaintiff and Defendants have agreed to the settlement summarized below. The complete terms and conditions of the proposed settlement are available from Class Counsel. Class Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable and adequate and that this Agreement is in the best interest of the Named Plaintiff and Putative Class Members.

## 5.    Payment to Class and Confidentiality

If you elect to participate in this proposed settlement, your estimated portion of the settlement will be based on the number of weeks you worked for Fidelis during the class period, after all attorneys' fees, costs, and Class Representative Payment have been paid. The parties' obligations under the settlement agreement will not become effective unless and until it receives final court approval, including the exhaustion of any appeals. Your individual share of the settlement must remain confidential and may not be disclosed to others. If you would like information about the amount of your individual settlement payment, please contact Class Counsel, Brian Schaffer, Esq., Fitapelli & Schaffer, LLP, 475 Park Avenue South, 12th Floor, New York, NY 10016.

Your individual settlement allocation is required to remain confidential. You can only disclose your settlement allocation to your spouse, attorney or accountant (who in turn must agree not to disclose the settlement allocation to others). In the event that you are found to have disclosed your individual settlement allocation, Fidelis reserves the right to file an action against you to recover for damages based on your disclosure.

## 6.      What is the proposed settlement amount?

The Settlement provides for a total payment of Seven Hundred Thousand dollars ($700,000.00) to be paid as follows: (1) One-third plus expenses to Class Counsel (not to exceed $238,333.34), (2) A sum to be approved by the Court to Class Representative Eylul Simsek; and, (3) Class Members who timely submit a claim form will receive a proportionate share of the settlement based on the number of weeks worked at Fidelis during the class period.

## 6.      Procedures

To receive a distribution from the settlement fund, you must timely complete and return the enclosed Claim Form and Release according to instructions provided on the form, including: (1) an acknowledgement that, by signing the Claim Form and Release, you elect to participate in this proposed settlement ("opt-in") to the case pursuant to 29 U.S.C. § 216(b); and (2) a release of claims consistent with that set forth in paragraph below. The Claim Form and Release must be personally filled out by the current or former employee who seeks to participate in the Settlement or someone with a legal right to act on his or her behalf.

The Claim Form and Release must be properly completed, signed, and mailed to the Claims Administrator via First Class United States Mail, post-marked by 60 days from mailing, _____ 2013 (the "Bar Date"). If you do not properly complete and timely submit the Claim Form and Release, you will not be eligible to receive any monetary distribution.

You should keep in mind that if you do not opt out, and if you do not properly and timely complete and return the Claim Form and Release by the Bar Date, and in accordance with instructions provided on the form, you will not receive a distribution from the settlement fund, but you will still be bound by the Release of the claims as described below.

If you timely return the enclosed claim form to the Settlement Claims Administrator so that it is post-marked by the _____2013 Bar Date , the Settlement Claims Administrator will make your payment after a Fairness Hearing is held by the Court.

If the Court grants final approval of the Settlement, this action will be dismissed with prejudice and Class Members who do not opt out will fully release and discharge Defendants through ____(Date of Preliminary Approval), 2013 from all claims asserted in the Complaint as described below. This means that you cannot sue, continue to sue, or be party of any other lawsuit against Defendants regarding the New York Labor Law claims brought in this case, although you may still retain certain Federal claims. It also means that all of the Court's orders will apply to you and legally bind you. In addition, by signing the Claim Form and Release, you will forever and fully release Defendants through (Date of Preliminary Approval), 2013 from all Fair Labor Standards Act claims asserted in the Complaint.

The Release in the Settlement Agreement provides that:

> **By operation of the entry of the Judgment and Final Approval, and except as to such rights or claims as may be created by this Agreement each individual Class Member who does not timely opt-out pursuant to this Agreement forever and fully releases Defendants from Released Rule 23 Class Claims. Released Rule 23 Class Claims" means all wage and hour claims that were asserted under state law by or on behalf of Class Members, but not including claims under the Fair Labor Standards Act ("FLSA"). The Released Rule 23 Class Claims include all claims that were asserted in this Litigation, including all claims under the New York Labor Law ("NYLL") (but excluding the FLSA), relating to the failure to pay wages, back wages, and overtime wages, all 'derivative benefit claims' (*i.e.*, claims for benefits resulting from alleged failure to pay overtime or wages, both ERISA and non-ERISA benefits), interest, liquidated damages, penalties, attorneys' fees, and any other form of compensation or relief permitted under any federal, state or local laws.**

> **By operation of the entry of the Judgment and Final Approval, and except as to such rights or claims as may be created by this Agreement each individual Authorized Class Claimant (that is, class members who return the Claim and Release Form) forever and fully releases Defendants from all Released Claims. "Released Claims" means all wage and hour claims that were asserted under federal or state law by or on behalf of Authorized Claimants, including under the Fair Labor Standards Act and New York Labor Law. The Released Authorized Claimant Claims include all claims raised in this Litigation, including the FLSA and NYLL, relating to the failure to pay wages, back wages, overtime wages, all 'derivative benefit claims' (*i.e.*, claims for benefits resulting from alleged failure to pay overtime or wages, both ERISA and non-ERISA benefits), interest, liquidated damages, penalties, attorneys' fees, and any other form of compensation or relief permitted under any federal, state or local laws.**

## 7.   How Do I Exclude Myself From The Settlement.

If you do not want a payment from this settlement, but you want to keep the right to sue or continue to sue Defendants, on your own, about the legal issues in this case or which could have been brought in this case, then you must take steps to exclude yourself from this case.

If you intend to exclude yourself, you must mail a written, signed statement to the Claims Administrator stating "I opt out of the Fidelis wage and hour settlement" and include your name, address, and telephone numbers ("Opt-out Statement"). To be effective, the Opt-out Statement must be mailed to the Claim Administrator via First Class United States Mail, postage prepaid, and postmarked by the Bar Date of _____, 2013.

Claims Administrator

If you exclude yourself from the Lawsuit and Settlement, you will NOT be allowed to object to the settlement as described in paragraph 12 below.

### 8. If I don't exclude myself from the settlement, can I sue Defendants for the same thing later?

Unless you exclude yourself, you give up any rights to sue Defendants with regard to the claims brought in this case. However, if you do not exclude yourself and do not return a claim and release form, you will retain your right to sue under the Federal Fair Labor Standards Act if you were employed during the past three years.

### 9. If I exclude myself, can I get money from this settlement?

No. If you exclude yourself, you will not receive any money from this lawsuit. But, you may sue, continue to sue, or be part of a different lawsuit against Defendants regarding these same claims.

### 10. Do I have a lawyer in this case?

Brian Schaffer, Esq. of the law firm of Fitapelli & Schaffer, LLP, 475 Park Avenue South, 12th Floor, New York, New York 10016, (212) 300-0375, bschaffer@fslawfirm.com has been designated as legal counsel to represent you and the other Class Members. These lawyers are called Class Counsel. You will not be charged separately for these lawyers. Their fees are being paid from the total settlement fund. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 11. How will the lawyers be paid?

Class Counsel will ask the Court to approve payment of up to $233,333.34 (33 1/3 % of the settlement fund established by Defendants) to them for attorneys' fees plus litigation expenses and costs (not to exceed $5,000.00) to be paid from the settlement fund. The fees would pay Class Counsel for all work that they have performed in this action including drafting briefs, engaging in discovery, investigating the facts, attending court conferences, participating in private mediation, and negotiating and overseeing the settlement.

### 12. How do I object to the Settlement if I don't want to exclude myself?

You may present objections to the proposed settlement at the Fairness Hearing, which must first be sent in writing. You may not object to the settlement if you submit a letter requesting to exclude yourself or "opt-out" of the settlement of the lawsuit.

If you choose to submit your objections in writing, mail the objection to the settlement claims administrator via First-Class United States Mail, postage prepaid at the address below. Your statement must contain your name, address, telephone number and all reasons for your objecting. You will not be allowed to present reasons for your objection at the Fairness Hearing that you did not describe in your written objection. Your objection will not be heard unless it is mailed to

the Claim Administrator via First Class United State Mail and post-marked by the
_____2013 Bar Date.

Claims Administrator


The Claims Administrator will forward your objection to Class Counsel and Defendants'
Counsel.  You may not object to the settlement if you submit a letter requesting to excluse
yourself or "opt-out" of the settlement.

### 13.  What's the difference between objecting and excluding?

Objecting is simply telling the Court that you don't like something about the settlement.  You
can object only if you stay in the Class.  Excluding yourself from the settlement ("opting-out") is
telling the Court that you don't want to be part of the Class.  If you exclude yourself, you have
no basis to object because the case no longer affects you.

The Court will hold a fairness hearing to decide whether to approve the settlement.  Class
Counsel will answer questions the Judge may have.  You do not have to come to the hearing, but
you are welcome to do so at your own expense.

If you send an objection, it is not necessary for you to come to Court to talk about it, but you
may do so at your own expense or pay your own lawyer to attend.  As long as you mailed your
written objection on time, the Court will consider it.  If you do attend the hearing, it is possible
that you will not be permitted to speak unless you timely object in writing as described above
and notify the Court of your intention to appear at the fairness hearing.

### 14.  When and where will the Court decide whether to approve the settlement?

The Court will hold a Fairness Hearing at _____ on _____, 2013, at the United
States District Court for the Eastern District of New York,  225 Cadman Plaza, Brooklyn New
York, in Courtroom _____.

At this hearing the Court will consider whether the terms of the settlement are fair, reasonable,
and adequate.  If there are objections, the Court will consider them.   The Judge will listen to
people who have asked to speak at the hearing.  The Court may also decide how much to pay to
Class Counsel.  After the hearing, the Court will decide whether to approve the settlement.  We
do not know how long these decisions will take.

### 15.  Are there more details about the settlement?

This notice summarizes the proposed settlement.  More details are in the Settlement Agreement.
In order to see the complete file, including the settlement Agreement, you may contact Class
Counsel, Brian Schaffer at (212) 300-0375 or bschaffer@fslawfirm.com.

If you have any questions, including questions about your individual settlement amount, please contact class counsel at the address listed above, or counsel of your own choosing and at your own expense.

Dated:  **[Insert Date]**

This Notice is sent to you by Order of the United States District Court for the Eastern District of New York.

4828-5703-9635, v. 1

*Simsek v. New York State Catholic Health Plan, Inc. et al*

Claims Administrator

[NAME]
[ADDRESS]
[ADDRESS]
[PHONE NUMBER]

## CLAIM FORM AND RELEASE
## INSTRUCTIONS

**In order to receive any portion of the settlement funds described in the Notice of Pendency of Class Action and Proposed Settlement ("Notice"), you must sign, date, and return this Claim Form and Release to the Settlement Claims Administrator postmarked by the _____ 2013 Bar Date**

### CHANGES OF ADDRESS

It is **your responsibility** to keep a current address on file with the Settlement Claims Administrator.  Please make sure to notify the Settlement Claims Administrator of any change of address.

*Simsek v. New York State Catholic Health Plan, Inc. et al*

Settlement Claims Administrator
[Name]
[Address]
[Address]
[Phone]

***[DATE].***

### CLAIM FORM AND RELEASE

*THIS FORM MUST BE POST-MARKED OR NO LATER THAN **[DATE].***

| [To be pre-inserted by Claims Administrator:] | [To be provided by employee:] |
|---|---|
| | Name/Address Changes, if any |
| Name: _____ | _____ |
| Address: _____ | _____ |
| City, State Zip Code: _____ | _____ |
| Social Security No.: _____ | (_____) _____ |
| | AreaCode    Home Telephone Number |

I understand that this lawsuit is being brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. ("FLSA") and New York state law.  I hereby consent and agree to join the case of *Simsek v. New York State Catholic Health Plan, Inc. et al, U.S.D.C., E.D.N.Y., 11-CV-5393*.  I consent and agree to be bound by any action by the Court.  I further agree to be bound by the collective action settlement herein approved by my attorneys and approved by this Court as fair, adequate, and reasonable.

I hereby designate the law firms of Fitapelli & Schaffer, LLP to represent me in this action.

My signature below constitutes a full and complete release and discharge of New York State Catholic Health Plan, Inc. d/b/a Fidelis Care New York, Mark Lane and Patrick Frawley, their present and former owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, insurers, attorneys, parents, subsidiaries, affiliates, benefit plans, plan fiduciaries, and all persons acting by, through, under or in concert with any of them ("Fidelis Defendants) by me and by my respective heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, personal representatives, successors-in-interest, and assigns, from any and all wage and hour claims, demands, rights, liabilities, expenses, and losses of any kind, that I have, had, or might have had against Fidelis Defendants based on any act or omission that occurred at any time up to and including ____, 2013, related to any of the facts or claims alleged in this Litigation, even if presently unknown and/or un-asserted, including but not limited to:  The Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et. seq.* and the wage and hour laws and regulations of the state of New York, including, the New York Labor Law Article 6 and 19, the New York Minimum Wage Act, §§650 *et. seq.* and Minimum Wage Orders, 12 N.Y.C.R.R. § 142-1.1 *et. seq.*, and 12 N.Y.C.R.R. §§ 142-2.4, 142-3.4, any claims that could be asserted against Defendants under under state and federal and local law , relating to the failure to pay wages, back wages, overtime, minimum wages, all "derivative benefit claims" (*i.e.*, claims for benefits resulting from alleged failure to pay overtime or wages, both ERISA and non-ERISA benefits), interest on such claims, and attorneys' fees, expenses and costs related to such claims in exchange for a proportionate share of the Total Gross Settlement Payment based on the number of workweeks employed during the period November 3, 2005 to the present.

> **Comment [WJM1]:** Preliminary approval date to be inserted

_____          _____
Date                                         Signature